Louis **MARSHALL**, Plaintiff,

v.

**SPANG & COMPANY** and Spang Industries, Inc., Defendants.

Civ. A. No. 70–552.

United States District Court,
W. D. Pennsylvania.

Jan. 25, 1971.

Harry Markovitz, Pittsburgh, Pa., Rubin, Wachtel, Baum & Levin, New York City, for plaintiff.

Edmund K. Trent, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

ROSENBERG, District Judge.

Presently before me for consideration are the defendants' Petition for Security for Costs pursuant to Rule 9(a) of this Court, and their Motion for Security for Expenses pursuant to § 516, subd. B of the Pennsylvania Business Corporation Law.

The plaintiff, Louis Marshall, a holder of 400 shares of common stock of Spang Industries, Inc. (Industries) brought suit on May 18, 1970 naming as defendants Industries and Spang & Company (Company). Company owns approximately 55% of the 2,403,780 outstanding shares of Industries, and by virtue of this ownership controls and dominates Industries. The complaint alleges violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. and the rule and regulations promulgated thereunder. The second portion of the suit, brought under the principal of pendent jurisdiction seeks security in conformity with the provisions of § 516, subd. B of the Pennsylvania Business Corporation Law, May 5, 1933, P.L. 364, 15 P.S. § 1516, subd. B, as amended.

The essence of the plaintiff's complaint is that as of January 31, 1970 Company caused Industries to sell to Company 415,849 shares of common stock of Industries for a grossly inadequate consideration consisting of all the issued and outstanding shares of Wolverine Toy Company; that this transaction constitutes a gift and waste of Industries stock, and that Company thereby breached its duties both under the Securities Act and under the Pennsylvania Business Corporation Law.

In their Petition for Security for Costs, the defendants rely on Rule 9(a) of the United States District Court for the Western District of Pennsylvania which provides that:

"In every action filed by a plaintiff who is not a resident of this District, the defendant, after answer to the complaint, may by petition and for good cause shown, have a rule upon the plaintiff to enter security for costs in such sum, in such manner and within such period of time as shall be determined by order of the Court upon hearing on the rule, all proceedings to stay meanwhile * * * *"

In Paragraph 2 of the Petition for Security for Costs it is stated that "To the best of defendants' knowledge, plaintiff has no assets either in the Western District of Pennsylvania or elsewhere in the Commonwealth of Pennsylvania which would be available for payment of costs." The plaintiff in his reply affidavit does not deny this allegation but rather avers that his own financial stability obviates the necessity of providing security for costs.

Since the purpose of Rule 9(a) is to eliminate the necessity of pursuing a plaintiff's assets into another jurisdiction to secure payment of costs, it appears that defendants are entitled to have this security provided, especially, where as here the allegations are made that this is purely a "strike suit". Accordingly, the plaintiff will be directed to file with the Clerk of Court security for costs in the amount of $250.00, to be approved by the Court.

The defendants' second motion is a Motion for Security for Expenses pursuant to § 516, subd. B of the Pennsyl-

vania Business Corporation Law on those counts asserted under this Pennsylvania Law.

It is provided in Section 516, subd. B that:

"In any such suit [stockholder's suit to enforce a secondary right] instituted or maintained by a holder or holders of less than five per centum of the outstanding shares of any class of such corporation or voting trust certificates therefor unless the shares or voting trust certificates held by such holder or holders have a fair market value in excess of fifty thousand dollars ($50,000), the corporation in whose right such action is brought shall be entitled at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorneys' fees, which may be incurred by it in connection with such suit, and by the other parties defendant in connection therewith * * *"

It was explained in Shapiro v. Magaziner, 418 Pa. 278, 284–285, 210 A.2d 890, 894–895 (1965), that the

"purpose of section 516, subd. B and its precursors is to prevent 'strike suits'—shareholder derivative actions begun 'with the hope of winning large attorney's fees or private settlements, and with no intention of benefiting the corporation on behalf of which 'suit is theoretically brought.' * * * It was thought that such 'strike suits' were usually brought by share holders with only a small financial stake in the corporation and who, therefore, had little to lose by starting an action. However, it also was recognized as Mr. Justice Jackson observed in Cohen v. Beneficial Industrial Loan Corp. [337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528] at p. 548, 69 S.Ct. at p. 1226, that the shareholder's derivative suit is a 'remedy born of stockholder helplessness * * * long the chief regulator of corporate management and has afforded no small incentive to avoid at least grosser forms of betray-

al of stockholders' interests.' Consistent with this background, the New York 'security for expenses' legislation, followed by Pennsylvania and now embodied in section 516, subd. B, was not intended to discourage derivative actions generally; * * * but only to prevent 'abuses attending the maintenance of such actions by persons whose financial stake in the corporation is slight.' * * * Accordingly, the deterring burden of providing security from which the corporation may be reimbursed was imposed 'only upon unsuccessful plaintiffs * * * who hold less than five percent of the stock of the corporation unless their shares have a market value in excess of $50,000.' "

■ Thus the purpose of § 516, subd. B is clearly to protect a corporation from harassing, costly, frivolous litigation. In the present case the plaintiff is the owner of 400 shares of stock in a corporation with over 2,400,000 outstanding shares. This proportionately miniscule ownership, having a fair market value of approximately $2,200 falls far short of the minimum required to avoid the necessity for providing security under the Pennsylvania Business Corporation Law. While his proportionate ownership is rather small, since the plaintiff became an owner of the stock prior to the alleged wrongful exchange of stock, it would seem that he should have a right to protect his investment rather than to sit by helplessly and watch his investment deteriorate.

We first examine § 516, subd. A to determine whether or not this suit is of such nature that § 516, subd. B is applicable. It is provided in § 516, subd. A that "In any suit brought to enforce a secondary right on the part of one or more shareholders against any officer, or director, or former officer or director of a corporation * * * because such corporation refuses to enforce rights which may properly be asserted by it * * *" suit may be brought by a shareholder. Such a derivative action is

in reality a suit brought by a minority shareholder on behalf of the corporation, which is a nominal defendant, against the directors and officers who are the real defendants.

In Levine v. Bradlee, 378 F.2d 620, C. A. 3, 1967, the Court considered a derivative action in which the individual defendant corporate officers were discharged from liability and the sole remaining defendant was the corporation from whom attorney's fees were sought. The Court held that an action against the corporation per se sought benefits from the corporation itself and not for the corporation and therefore was not within the purview of § 516, subd. B, of the Pennsylvania Business Corporation Law, since "nowhere does the statute designate a suit against a corporation in its definition of suits in which security for expenses may be granted." *Levine, supra*, page 625.

In the suit presently before me, the defendants are the corporation on whose behalf this suit is supposedly brought, and another corporation which happens to be a principal stockholder of the beneficiary corporation. Neither present nor former officers or directors are named as defendants, and therefore this suit cannot be characterized as a suit on behalf of a corporation to recover from its officers or directors for their supposed wrongdoings. Accordingly, § 516, subd. B is inapplicable and the defendants' Motion for Security for Expenses must be denied.

### ORDER

And now, to-wit, this 25th day of January 1971, for the reasons set forth in the foregoing Opinion, the defendants' Petition for Security for Costs will be granted, and the plaintiff is hereby directed to file an approved surety bond in the amount of $250.00 with the Clerk of Court within ten (10) days of the date of this Order; and it is further ordered that the defendants' Motion for Security for Expenses be and the same is hereby denied.