**Leonard J. FURBEE, Appellant,**

v.

**VANTAGE PRESS, INC.**

**No. 24565.**

United States Court of Appeals, District of Columbia Circuit.

June 30, 1972.

Messrs. Samuel Intrater and Albert Brick, Washington, D. C., were on the brief for appellant.

Mr. Harry S. Weidberg, Washington, D. C., was on the brief for appellee.

Before BAZELON, Chief Judge, SIMON E. SOBELOFF,* Senior Circuit Judge for the Fourth Circuit, and McGOWAN, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

Plaintiff-appellant Furbee is the author of a book titled *Twenty-Four Years with Lincoln*. Defendant-appellee Vantage Press, Inc., is his publisher. Furbee and Vantage Press entered into an agreement in 1967 for the book's publication and distribution. In 1970 Furbee, alleging that Vantage Press fraudulently induced him to make the agreement, commenced the instant suit in the United States District Court for the District of Columbia. Vantage Press moved to dismiss the case on the ground that suit could be brought only in the courts of New York, as provided in paragraph 20 of the contract in question which reads as follows:

*New York Law*

Regardless of the place of physical execution of this agreement, or of its delivery, it shall be treated as though executed within the State of New York and shall be governed and interpreted according to the laws of that State; and *the legal tribunals of the State of New York shall be the sole forum for resolving any questions or disputes or matters arising out of or pertaining to this contract.* (Emphasis added.)

After considering the arguments of the parties, the District Judge granted the motion to dismiss, and Furbee appeals.

The only question presented by the appeal is whether the District Court properly granted the motion to dismiss.

We perceive no reason to upset the order.

Agreements such as that embodied in paragraph 20 are commonplace.

Citizens of different States may, if they deem it desirable, agree that any disputes arising out of a commercial transaction between them shall be subject to the jurisdiction of the courts of the State of one of the parties.

Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502, 507 (4th Cir. 1956). Mr. Justice Stewart, writing for a majority of the Supreme Court, has said:

■ And it is settled, as the courts below recognized, that parties to a contract may agree in advance to submit to the jurisdiction of a given court. . . .

National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–316, 84 S. Ct. 411, 414, 11 L.Ed.2d 354 (1964).** These contractual provisions will be honored when they are reasonable.

So long as there is nothing unreasonable in such a provision there is no basis for viewing it as an affront to the judicial power, which must be stricken down. On the contrary, it should be respected as the responsible expression of the intention of the parties so long as there is no proof that its provisions will put one of the parties to an unreasonable disadvantage and thereby subvert the interests of justice.

Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 345 (3d Cir. 1966). *See* William H. Muller & Co. v. Swedish American Line Ltd., 224 F.2d 806 (2d Cir. 1955); Hawaii Credit Card Corp. v. Continental Credit Card Corp.,

---

* Sitting by designation pursuant to 28 U. S.C. § 294(d) (1970).

** The Chief Justice, and Justices Black, Brennan and Goldberg dissented in *National Equipment Rental*, but did so on a different ground. The plaintiff, National Equipment Rental, had provided in its contract with the Szukhents (who were Michigan residents) that service of process on the Szukhents in New York might be made by serving an agent, hand-picked by National Equipment Rental, who was, incidentally, the wife of one of the Company's directors. The dissenters were of the view that F.R.Civ.Proc. Rule 4(d) (1) did not authorize such a scheme. No such complicating factor is found in the present case.

290 F.Supp. 848, 851 (D.Hawaii, 1968); Geiger v. Keilani, 270 F.Supp. 761, 764 (E.D.Mich., 1967); Restatement of Contracts § 558; 6A Corbin on Contracts § 1445. Factors which have been considered by courts in determining reasonableness are:

1) Which law governs the formation and construction of the contract;

2) The residency of the parties;

3) The place of execution and/or performance of the contract;

4) The location of the parties and witnesses probably involved in the litigation.

See e. g., Central Construction Co. v. Maryland Casualty Co., supra. In the instant case, Vantage Press is a New York corporation, with its principal place of business in New York; New York has substantial contacts with the formation and performance of the contract; New York law was specified by the parties as governing the agreement; and all witnesses Vantage Press presently intends to call at the trial reside in New York.

■ In these circumstances, the reasonableness of the provision can hardly be doubted, and dismissal of the case by the District Court was certainly not abuse of discretion. Indeed, an identical paragraph 20 has been previously enforced in Vantage Press's favor, in Bram Vanderstok v. Vantage Press (No. 69–816–JWC, N.D.Cal.1969). There the District Judge said: "I am of the opinion that the contract provisions are reasonable and should be enforced." Because plaintiff in *Bram Vanderstok* did not allege $10,000 in controversy, the suit in the federal court was dismissed, and reinstituted in the California courts. The case was in turn dismissed by the Los Angeles Superior Court on the ground that Paragraph 20 of the contract reasonably required that suit be brought in New York. Bram Vanderstok v. Vantage Press, No. 950043.

■ We therefore conclude that the motion for dismissal was properly grant-ed. Moreover, we deem Furbee's appeal from the order of dismissal to be, in the circumstances, utterly without merit and frivolous. The federal case law supporting Vantage Press is unambiguous and unwaivering. Appellant was made fully aware of the cases Appellee chiefly relied on in a memorandum in support of defendant's motion to dismiss, filed with the District Court and reprinted in Appellant's brief. We find nothing in Appellant's argument on appeal which casts the remotest doubt on those cases. Notwithstanding the clear state of the law, Furbee pressed his appeal, involving Vantage Press in the inconvenience and expense of employing counsel to resist the appeal. Appellate courts are burdened by a heavy volume of business and the problem is needlessly aggravated when frivolous appeals are taken. Justice, we think, requires that the costs of this appeal, including the expense of printing Appellee's brief, and reimbursement for reasonable attorney's fees be awarded to Vantage Press. F.R. App.Pro. Rule 38. See 28 U.S.C. § 1912.

Award of reasonable attorney's fees and costs is not without precedent.

[C]ourts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay.

Advisory Committee's Note to Rule 38, F.R.App.Pro. See, e. g., Dunscombe v. Sayle, 340 F.2d 311 (5th Cir.), cert. denied, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed. 2d 62 (1965) (double costs awarded); A/S Krediit Pank v. Chase Manhattan Bank, 303 F.2d 648 (2d Cir. 1962) ($1000 for attorney's fee and costs of appeal); Ginsburg v. Stern, 295 F.2d 698 (3d Cir. 1961), cert. denied, 368 U. S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962) ($500 for counsel's fee and costs); Griffin Wellpoint Corp. v. Munro-Langstoth, Inc., 269 F.2d 64 (1st Cir. 1959) (double costs); Lowe v. Willacy, 239 F.2d 179 (9th Cir. 1956) (double

costs and reimbursement for attorney's fee).

The District Court's order is affirmed, and the case is remanded for the assessment of costs and reasonable attorney's fees.

Affirmed and remanded.