**Otha STARKS and Ludesta Starks, Plaintiffs-Appellants,**

**v.**

**Henry D. KLOPFER et al., Defendants-Appellees.**

**No. 71-1013.**

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1972.

Decided Oct. 26, 1972.

Marshall Patner, Thomas R. Meites, Chicago, Ill., for plaintiffs-appellants.

Edward V. Hanrahan, State's Atty., James A. Rooney, Asst. State's Atty., Lawrence S. Adler, Chicago, Ill., for defendants-appellees.

Before PELL and STEVENS, Circuit Judges, and JUERGENS, Senior District Judge.*

PELL, Circuit Judge.

This is an appeal from a refusal to initiate procedures for a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284 and the dismissal of plaintiffs' complaint. The complaint attacks the appeals provisions of the Illinois Forcible Entry and Detainer Act, Ill.Rev. Stat. ch. 57, §§ 19–22,[1] as being violative of the Fourteenth Amendment's requirements of due process and equal protection of the laws.

Plaintiffs Otha and Ludesta Starks are "contract buyers" of residential real estate. They were threatened with a writ of restitution following an adverse judgment of possession and the failure to post the required appeal bond within the statutorily specified five-day period. Defendants Henry and Alice Klopfer are the assignees of the con-

---

* Senior District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

1. See appendix following this opinion.

tract sellers of the house. Defendant Richard Elrod is the Sheriff of Cook County, Illinois, whom plaintiffs sought to enjoin from evicting them.

More specifically, plaintiffs in 1969 defaulted on their contract for the purchase of a residence located in Chicago. A judgment of possession was entered against them in the state court pursuant to forcible entry and detainer proceedings. A $3,000 appeal bond was set pursuant to § 20 of the Illinois statute, *supra*. Plaintiffs filed a timely notice of appeal, but did not post the required appeal bond until eight days after judgment. The appeal bond originally approved was vacated by the trial court because of the tardiness of filing.

Plaintiffs appealed the order striking their bond, which appeal was transferred to the Illinois Supreme Court. In the case of Hamilton Corp. v. Alexander, Ill., 290 N.E.2d 589 (1972), the Illinois Supreme Court dismissed plaintiffs' appeal, holding that the failure to comply with §§ 19 and 20 of chapter 57, Ill. Rev.Stat., was jurisdictional. In the course of its opinion, the court held the two sections of the Act to be valid under both the state and federal Constitutions. Plaintiffs then filed this complaint in the district court seeking an injunction forbidding the execution of the writ of restitution and holding these appellate procedures unconstitutional.[2] Significantly, subsequent to the dismissal of the complaint by the district court, the Illinois Supreme Court withdrew its opinion in Alexander v. Hamilton Corp., and that case is now presently under advisement.

To provide the necessary background for the discussion of the merits of the dismissal, we must preliminarily note two other significant changes in Illinois law. In Rosewood Corp. v. Fisher, 46 Ill.2d 249, 263 N.E.2d 833 (1970), the Illinois Supreme Court held that in a forcible entry and detainer action by vendors against contract purchasers seeking possession of real property on the ground of breach of contract—the very case we have here—the purchaser may raise equitable defenses. Plaintiffs in their defense of the initial state court action had attempted to raise such defenses and had been precluded from so doing under the then prevailing view that such proceedings were summary in nature and only dealt with right to possession. Thus, if plaintiffs' appeal had not foundered for failure to comply with the provisions for filing an appeal bond, it is clear that they would have had an opportunity to raise the defenses on remand.

More significantly for the present case, however, is the fact that subsequent to the district court's dismissal of the complaint, the Illinois Supreme Court in Jack Spring, Inc. v. Little, 50 Ill.2d 351, 280 N.E.2d 208 (1972), held unconstitutional Ill.Rev.Stat. ch. 57, § 19, insofar as it required furnishing a bond as a prerequisite to prosecuting an appeal under the Forcible Entry and Detainer Act. The court reached that result on the basis of the series of cases holding that once a right of appeal is created it cannot be discriminatorily impaired by statutes adopted or rules promulgated to implement it. Only insofar as the bond was to act as *supersedeas* was it apparently necessary to file it within the statutory period:

> "The right to an appeal is a matter separate and apart from the right to *supersedeas* during the pendency of the appeal, and in being required to furnish a bond as a condition to staying the judgment, an appellant in an action in Forcible Entry and De-

---

2. On September 29, 1971, defendants moved to dismiss the appeal as moot on the grounds that plaintiffs had surrendered possession of the premises to defendants and subsequently on September 27, 1971, the Circuit Court of Cook County, Illinois, had entered an order for demolition of the premises involved herein. Plaintiffs opposed the motion on the basis that even if the building were demolished there would still be a continuing controversy as to who held title to the land involved. The motion to dismiss was denied by this court on October 14, 1971.

tainer is in no different situation than an appellant who seeks a stay of the judgment in any other type of appeal." 280 N.E.2d at 212.

It is significant if the *Jack Spring, Inc.* opinion is applied to contract purchases (it arose specifically in the case of a tenancy), as it may be, that the most harmful aspects of state law as far as plaintiffs are concerned will have been eliminated. Therein may be the explanation of the fact that the defendants did not file a brief in this court and plaintiffs did not by supplemental citation of authority bring to this court's attention this recent development in Illinois law. Be that as it may, we must still determine whether the district court's dismissal of the complaint was proper.

The standards for dismissing a complaint for a three-judge court were set out in Ex parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933):

> "But the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction. In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented. . . . That provision does not require three judges to pass upon this initial question of jurisdiction.
>
> "The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. . . . The question may be plainly unsubstantial, either because it is '*obviously without merit*' or because '*its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.*'" (Citations omitted. Emphasis added.)

It is these tests which we must apply to the present allegations.

Plaintiffs' first contention is that the five-day appeal period under § 19 is a denial of due process and equal protection. Although, as noted above, the primary allegedly invidious effect of § 19, the jurisdictional nature of the filing of the appeal bond, has been eliminated by the Illinois Supreme Court, the statute is still valid insofar as the *supersedeas* aspects of the bond are concerned. As was noted in California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), Supreme Court decisions rendered after the filing of the bill of complaint may make it apparent that the federal question was without substance and compel dismissal of the complaint on that ground. This appears to be the case as to the time aspect of the five-day appeal bond requirement. In Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Court had before it a comprehensive challenge to the Oregon Forcible Entry and Wrongful Detainer Statute. One of the bases for objection was that the statute provided for a trial within six days after service of the complaint unless security for accruing rent was provided. The Court found that this requirement did not constitute a denial of due process, even though a relatively short time for trial preparation was provided. This was based on the easy access of tenants to the relevant information and the provision for continuance if the accruing rent was paid.

Although there is no similar procedure in Illinois for obtaining a continuance to post the bond, we are not prepared to say that a substantial constitutional question is raised by this particular issue, giving consideration to the legislative intent to make these expeditious proceedings, a purpose approved of in Lindsey v. Normet, *supra,* 405 U.S. at 72–73, 92 S.Ct. 862. Also, the plaintiffs primarily objected to the substantial size of the required bond, which matter is treated hereinafter.

*Lindsey* also similarly disposes of most of the claimed equal protection vio-

**800**

lations in the five-day period. As the district court herein noted "[i]t is well settled that the Equal Protection Clause of the Fourteenth Amendment prohibits only invidious distinctions." Thus, in considering the provision for a trial within six days, the Court in *Lindsey* stated,

"The statute potentially applies to all tenants, rich and poor, commercial and noncommercial; it cannot be faulted for over-exclusiveness or under-exclusiveness. And classifying tenants of real property differently from other tenants for purposes of possessory actions will offend the equal protection safeguard 'only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective,' McGowan v. Maryland, 366 U.S. 420, 425, [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393] (1961), or if the objective itself is beyond the State's power to achieve, Gomillion v. Lightfoot, 364 U.S. 339, [, 81 S.Ct. 125, 5 L. Ed.2d 110] (1960); NAACP v. Alabama [ex rel. Flowers], 377 U.S. 288, [84 S.Ct. 1302, 12 L.Ed.2d 325] (1964); Douglas v. California, 372 U. S. 353, [83 S.Ct. 814, 9 L.Ed.2d 811] (1963). It is readily apparent that prompt as well as peaceful resolution of disputes over the right to possession of real property is the end sought by the Oregon statute. . . . The equal protection claim with respect to these provisions thus depends on whether the State may validly single out possessory disputes between landlord and tenant for especially prompt judicial settlement." 405 U.S. at 70–71, 92 S.Ct. at 873.

The Court held the Oregon legislation valid in this respect, which holding substantially eliminates the equal protection claim as a constitutional issue. We do note, however, but express no opinion on its merits, that a landlord has thirty days (as opposed to the five days accorded the tenant) to file his appeal (Ill.Rev.Stat. ch. 57, § 21), which, if expeditiousness is the object, might be claimed to be a sufficient differentiation of classification to be an equal protection matter. The Court in *Lindsey* did not consider this aspect. The matter is sufficient to preclude saying that there is no substantial constitutional question.

■ The other aspect as to which the plaintiffs seek a finding of unconstitutionality centers on the criteria for setting the bond and the claimed consequent large amount. The amount of the appeal bond for a defendant in a forcible entry action varies materially from those of an appeal in other types of cases. The requirement for a plaintiff's appeal bond in this type of case does not vary from that required in other types of cases, § 21 of Illinois statute, *supra*. The part which offends plaintiffs the most is that which provides "regardless of the outcome of such appeal, pay all rent then due or that may become due before the final determination of the suit" (Ill.Rev.Stat. ch. 57, § 20(b)).

Plaintiffs contend that under the guise of satisfying this requirement the courts set bonds amounting to several thousand dollars even though the forcible entry suits have to be framed for "possession only and cannot result in a judgment for money, rent, or payments." Although plaintiffs appear to be saying that the statute should be struck down because a number of judges disobey the standards set therein—a claim which might not merit a three-judge court— we construe the challenge as one encompassing both vagueness of standards and that the statute requires setting a bond which is substantially greater than any damages allowable. In this light, the Supreme Court's analysis in Lindsey v. Normet, *supra*, would appear to raise a sufficient question to preclude our characterization of the complaint as "obviously without merit." Although the Court affirmed the portions of the Oregon statute providing for expeditious hearings, it struck down that part of the law which provided for an appeal

bond of twice the amount of rent expected to accrue during these appellate proceedings. The Court stated,

"It cannot be denied that the double-bond requirement heavily burdens the statutory right of an FED defendant to appeal. While a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, the double-bond requirement here does not effectuate these purposes since it is unrelated to actual rent accrued or to specific damage sustained by the landlord." 405 U.S. at 77, 92 S.Ct. at 876.

In such a situation, the burden of the excessive bond requirement which applies *only* to forcible entry appeals could constitute a denial of the equal protection clause in that it is "arbitrary and irrational." Once again, without reaching the merits of the complaint, we feel that this claim is not obviously without merit nor clearly unsound on the basis of previous Supreme Court decisions, especially in light of the above language in *Lindsey*. Therefore, it was improper for the district court to deny a three-judge court on this portion of the complaint.

On remand, the three-judge court will also have to consider the impact of Jack Spring, Inc. v. Little, *supra,* insofar as the Illinois Supreme Court may already have granted the relief sought by plaintiffs. Although it is unclear from that opinion how the Illinois Supreme Court will treat such appeals from contract sales cases since *Jack Spring* involved rental units, the court did state: "The stay of judgments pending appeal is governed by our Rule 305 and its provisions supersede those contained in section 19 of the Forcible Entry and Detainer Act. . . . This court, upon application of the defendants, granted *supersedeas* conditioned, *inter alia,* upon the payment of rental installments as they become due." 280 N.E.

2d at 212. If the court carries this rule over to contract sales in the context of forcible entry suits, then the issue may be moot since all Illinois suits would be subject to the same rules setting the amount of *supersedeas* appeal bonds. Due to the uncertainty of the scope and interpretation of the Illinois Supreme Court's rulings, especially in light of the pendency in that court of Alexander v. Hamilton Corp., referred to above, we do not now hold that the case on this point is moot.

For the reasons hereinbefore set out, the order of dismissal is vacated and we remand to the district court with instructions to initiate procedures for a three-judge court in this case. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

Reversed and remanded.

## APPENDIX

The appellate provisions §§ 18, 19, 20 and 23 of the Forcible Entry and Detainer Act have been modified as Ill. Rev.Stat. ch. 57, §§ 19–22 (1971) and provide as follows:

19. Appeal—Writ of restitution—Bond.] Any party aggrieved by the verdict of the jury or decision of the court upon any trial under this Act may have an appeal, to be taken to the same courts, in the same manner, and heard in the same way as appeals which are taken in other cases except that notice of appeal and bond must be filed within 5 days from the rendition of the judgment, and no writ of restitution shall be issued in any case until the expiration of these 5 days.

20. Defendant's appeal bond—New bonds.] If the defendant appeals, the condition of the bond shall be that he will: (a) prosecute such appeal with effect; and (b) regardless of the outcome of such appeal, pay all rent then due or that may become due before the final determination of the suit; and (c) in case the

judgment from which the appeal is taken is affirmed or appeal dismissed, pay all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy, and by reason of any injury done thereto during such withholding, until the restitution of the possession thereof to the plaintiff, together with all costs that may accrue; which said bond shall be in sufficient amount to secure such rent, damages and costs, to be ascertained and fixed by the court. And the court in which the appeal may be pending may require a new bond in a larger amount, if necessary to secure the rights of the parties; and in case of continuance, may require another bond to be given to further secure the same.

21. Plaintiff's appeal bond.] If the plaintiff appeals, the condition of the bond shall be, as in other cases of appeal, when taken by the plaintiff, except as otherwise provided by law.

22. Enforcement or acceptance of performance of obligations pending appeal by plaintiff.] If the plaintiff appeals, then, during and notwithstanding the pendency of such appeal, plaintiff shall be entitled to enforce, or accept from the defendant or from any person claiming under him, performance of all obligations imposed upon such defendant by the terms of any lease, contract, covenant or agreement under which the defendant claims the right to possession, or by law, as if such appeal had not been taken, without thereby affecting the appeal or the judgment appealed from, and without thereby creating or reinstating any tenancy or other relationship of the parties; provided, however, that if the result of the prosecution of such appeal and entry of final judgment is that the defendant was obligated to the plaintiff during the pendency thereof in a different form, manner or amount than that in which any payment or payments made under the provision of this Section was

or were enforced or accepted, or in a different form, manner or amount than that adjudged in any judgment or decree entered by any court in any other proceedings instituted by virtue of the provisions of this Section during the pendency of said appeal, such payment or payments shall be deemed to have been made to apply in the form, manner and amount resulting or arising from the prosecution of such appeal, on account of the defendant's obligation.