UNITED STATES of America For the Use of INSURANCE COMPANY OF NORTH AMERICA, Use-Plaintiff-Appellee,

v.

SANTA FE ENGINEERS, INC., a corporation, and the Traveler's Insurance Company, a corporation, Defendants-Appellants.

No. 76–1497.

United States Court of Appeals, Ninth Circuit.

Jan. 13, 1978.

Alfred Fadel (argued), Los Angeles, Cal., for defendants-appellants.

Larry E. Robinson (argued), Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and ANDERSON, Circuit Judges, and WHELAN, District Judge.[*]

PER CURIAM:

Santa Fe Engineers (Santa Fe) appeals from a Miller Act judgment for use-plaintiff Insurance Company of North America (INA) in the amount of $206,606.53, plus interest. INA, surety for a subcontractor on a government construction project, sought payment for costs incurred in completing the defaulting subcontractor's work as well as for the reasonable value of additional work done at the request of Santa Fe.

The district court awarded Santa Fe $4,392.10, plus interest, on its counterclaim for damages related to the subcontractor's default. The court disallowed Santa Fe's other claims for "delay damages" allegedly caused by the default, primarily because the construction project was completed on time and because Santa Fe did not show that INA was bound to complete work any earlier than necessary to meet the government's completion schedule.

The court below found the parties had "implicitly" bargained for INA to complete the project in return for its "costs of com-

---

[*] Of the Central District of California.

pletion," including amounts paid to laborers and materialmen to whom the subcontractor owed money at the time of default. Evidence of such an agreement was abundant in the parties' correspondence and in their actions in completing work on the project. INA's right to payment was limited to the unexpended balance of the original price of the subcontracting work. The net result of the agreement was that Santa Fe received the bargained-for work at the bargained-for price.

In the face of the district court judge's thorough and carefully analyzed opinion, Santa Fe raises 23 assignments of error. Although each is cast in different terms, most are mere quarrels with the district court's findings of fact. Many of the assignments of error are substantially the same. All are wholly without merit.

At oral argument appellant's counsel stated that his appeal was thoroughly discussed in his opening brief. It supplies little aid to his cause, being prolix and in places unintelligible.

Appellant's counsel described this as an unusual and complex case. Santa Fe may see it that way because it serves its purpose to confuse the issues. Appellant has essentially attempted to retry factual issues in the appellate forum.

This appeal is frivolous. We think it was pursued for purposes of delay. Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912 expressly vest us with discretion to impose sanctions upon those who prosecute frivolous appeals:

> [T]he net impression we get from the record is one of calculated delay and a thrashing about by [defendant] for theories—even of dubious or no value—to evade its obligations under its . . . contract.

> \*　\*　\*　\*　\*　\*

In view of the superfluity of the issues on appeal, the frivolity of almost all of them, and the briefing of many in a manner

that simply ignored the abundant evidence supporting the determination [below], we exercise our discretion . . . . *Oscar Gruss & Son v. Lumbermens Mutual Cas. Co.*, 422 F.2d 1278, 1283, 1284 (2d Cir. 1970).

"Appellate courts are burdened by a heavy volume of business and the problem is needlessly aggravated when frivolous appeals are taken." *Furbee v. Vantage Press, Inc.*, 150 U.S.App.D.C. 326, 328, 464 F.2d 835, 837 (1972). *See* cases cited *Id.*, 150 U.S.App.D.C. at 328–329, 464 F.2d at 837–38. *See also Renken v. Harvey Aluminum, Inc.*, 475 F.2d 766 (9th Cir. 1973); *Lowe v. Willacy*, 239 F.2d 179, 16 Alaska 499 (9th Cir. 1956). 9 Moore's Federal Practice ¶ 238.02 (1975).

The judgment is affirmed and the appellants are assessed double costs.