Opinion PER CURIAM.
 

 PER CURIAM:
 

 The appellant, Marshall Safir, proceeding
 
 pro se,
 
 filed an involuntary petition in bankruptcy under 11 U.S.C. § 303 against the appellee, Farrell Lines, Inc. Finding the petition lacking in merit, the Bankruptcy Court dismissed the action, and, in addition, awarded Farrell more than $18,000 in costs and attorneys’ fees pursuant to 11 U.S.C. § 303(i). The court also granted Farrell's motion to require Safir, pursuant to Bankruptcy Rule 805 (now Rule 8005), to post bond of at least $25,000 to secure the judgment pending appeal. Safir appealed both the dismissal of his petition and the award of costs and fees to the District Court, and in addition moved to be relieved of the bond requirement. By order dated November 14, 1983, the District Court denied this motion and dismissed Safir’s appeal for failure to post the bond required by the Bankruptcy Court.
 

 We hold that the District Court erred in dismissing Safir’s appeal for failure to post bond. Bankruptcy Rule 8005, on which the Bankruptcy Court based its authority, allows the court to require bond as a condition for a
 
 stay pending appeal.
 
 That rule nowhere provides that posting bond may be made a prerequisite to a party’s .
 
 right to appeal.
 

 [1]
 

 Similarly, under Federal Rule of Civil Procedure 62, which is made applicable to bankruptcy proceedings by Bankruptcy Rules 1018 and 7062, it is well-established that an appellant who fails to furnish a supersedeas bond does not thereby lose his right to appeal.
 
 See Thorpe v. Thorpe,
 
 364 F.2d 692, 693 n. 1
 
 *798
 
 (D.C.Cir.1966);
 
 Koster & Wythe v. Massey,
 
 262 F.2d 60, 62 (9th Cir.1958); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2905, at 329 (1973).
 

 For these reasons, the District Court decision dismissing the appeal for failure to post bond is reversed and the case is remanded for further proceedings.
 

 [1]
 

 . Rule 8005 provides in relevant part as follows:
 

 STAY PENDING APPEAL
 

 A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.