Opinion Per Curiam.
 

 PER CURIAM.
 

 The Bankruptcy Court dismissed Marshall P. Safir’s petition in bankruptcy against American President Lines, Ltd. (APL),
 
 [1]
 
 whereupon Safir appealed to the District Court. Subsequently, the Bankruptcy Court ordered Safir to pay some $14,000 to APL as attorneys’ fees.
 
 [2]
 
 Still later, APL moved in the District Court for dismissal of Safir’s appeal on the ground that he had failed to prosecute it. The District Court granted the motion, and dismissed with prejudice.
 
 [3]
 

 Safir then sought to appeal to this court. On APL’s motion, however, the District Court, purportedly exercising its authority under Federal Appellate Rule 7,
 
 [4]
 
 ordered
 
 *716
 
 Safir to post a $10,000 bond.
 
 [5]
 
 Shortly thereafter, APL moved us to dismiss Sa-fir’s appeal for noncompliance with that order. We initially granted the motion
 
 [6]
 
 but, on consideration of Safir’s petition for rehearing, we remanded the record to the District Court for a statement of its reasons for setting the bond at $10,000.
 
 [7]
 

 On remand, the District Court endeavored to vindicate the size of the bond.
 
 [8]
 
 The court informed us that APL estimated its costs on appeal at $450, making it “clear that [APL was], at a minimum, entitled to a bond” in that amount under Rule 7.
 
 [9]
 
 Characterizing its remaining justifications as “less clear,”
 
 [10]
 
 the court adverted to an “inherent or rule-based power to require a plaintiff with no assets in the court’s jurisdiction to post a bond before proceeding with what appears to be a frivolous suit.”
 
 [11]
 
 Bond was further warranted, the court said, because the appeal likely would be found to be frivolous and APL thus would qualify for costs and damages in this court
 
 [12]
 
 under Federal Appellate Rule 38.
 
 [13]
 
 Lastly, the court cited Safir’s failure to satisfy the Bankruptcy Court’s judgment for attorneys’ fees as an additional indication of a need for security.
 
 [14]
 
 In our view, the reasons advanced by the District Court do not support a bond as large as $10,000.
 

 Appellate Rule 7 specifies that a “district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case.”
 
 [15]
 
 The costs referred to, however, are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39,
 
 [16]
 
 and do not include attorneys’ fees that may be assessed on appeal.
 
 [17]
 
 Rule 7 thus sustains the bond in suit to the extent of $450 — APL’s estimate of its costs on appeal — but not in any greater amount.
 

 Aside from Rule 7, as the District Court observed, it had some authority to call for a cost bond in some situations.
 
 [18]
 
 But a review of the cases reveals that this
 
 *717
 
 power has been utilized only with reference to bonds for costs in district courts, not costs that may accrue on appeal.
 
 [19]
 
 Besides, such a bond may cover only taxable costs, not attorneys’ fees or other expenses.
 
 [20]
 
 The “inherent or rule-based power” of which the District Court spoke
 
 [21]
 
 really adds nothing to the authority already conferred by Rule 7.
 

 Moreover, the challenged bond fails as a legitimate means of protecting APL against the possibility that Safir’s appeal might turn out to be frivolous.
 
 [22]
 
 The traditional countermeasure for an appeal thought to be frivolous is a motion in the appellate court to dismiss,
 
 [23]
 
 which is available at the outset of the appeal and before expenses thereon begin to mount. Additionally, a monetary remedy is afforded by Federal Appellate Rule 38,
 
 [24]
 
 which authorizes an assessment of damages and single or double costs,
 
 [25]
 
 including reasonable attorneys’ fees,
 
 [26]
 
 “[i]f [the] court of appeals shall determine that [the] appeal is frivolous.”
 
 [27]
 
 It is, however, for the court of appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case.
 
 [28]
 
 The District Court’s bond order effectively preempts this court’s prerogative to determine, should Safir’s appeal be found to be frivolous, whether APL is entitled to a Rule 38 recovery.
 

 Nor can the size of the bond demanded of Safir be justified by his nonsa-tisfaction of the judgment he suffered in the Bankruptcy Court.
 
 [29]
 
 What the District Court exacted was not a supersedeas bond, which merely would have stayed execution on the judgment pending the present appeal;
 
 [30]
 
 rather, by the terms of the court’s order, the bond became a precondition to an appeal. The judgment was not stayed — indeed, the record is devoid of any effort by
 
 *718
 
 Safir to obtain a stay, either with or without a supersedeas bond,
 
 [31]
 
 at the hand of the District Court — and for lack of a stay APL remains free to enforce its judgment at any time.
 
 [32]
 
 The District Court’s order impinges on our prior holdings that an appellant who fails to furnish a supersedeas bond, though exposed to enforcement of the judgment, does not lose his right to appeal.
 
 [33]
 

 We sympathize fully with the District Court’s desire to protect APL from further expense in this phase of the legal battle which Safir has waged unremittingly against shipping lines.
 
 [34]
 
 Excessive bond, however, is not an acceptable control.
 
 [35]
 
 While, in the federal scheme, appeals found to be frivolous cannot command judicial respect,
 
 [36]
 
 those possessing merit are normally a matter of right.
 
 [37]
 
 Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right.
 
 [38]
 
 Here the District Court’s bonding authority was limited to
 
 *719
 
 security for payment of costs on appeal,
 
 [39]
 
 and APL’s costs expectably will not exceed $450.
 
 [40]
 
 We hold that the bond demanded of Safir must be reduced to that amount.
 
 [41]
 

 Our earlier order dismissing this appeal is vacated and the record is remanded to the District Court for reduction of Safir’s appeal bond to $450.
 

 So ordered.
 

 [1]
 

 .
 
 In re American President Lines, Ltd.,
 
 No. 83-00370 (Bankr.D.D.C. July 7, 1983) (order).
 

 [2]
 

 .
 
 In re American President Lines, Ltd.,
 
 No. 83-00370 (Bankr.D.D.C. Dec. 7, 1983) (order).
 

 [3]
 

 .
 
 In re American President Lines, Ltd.,
 
 Civ. No. 84-0302 (D.D.C. Mar. 9, 1984) (order).
 

 [4]
 

 . Fed.R.App. P. 7.
 

 [5]
 

 .
 
 In re American President Lines, Ltd.,
 
 Civ. No. 84-0302 (D.D.C. June 29, 1984) (order).
 

 [6]
 

 .
 
 In re American President Lines, Ltd.,
 
 No. 84-5228 (D.C.Cir. July 31, 1984) (order).
 

 [7]
 

 .
 
 In re American President Lines, Ltd.,
 
 No. 84-5228 (D.C.Cir. Nov. 28, 1984) (order).
 

 [8]
 

 .
 
 In re American President Lines, Ltd.,
 
 Civ. No. 84-0302 (D.D.C. Feb. 1, 1985) (memorandum).
 

 [9]
 

 .
 
 Id.
 
 at 1.
 

 [10]
 

 .
 
 Id.
 

 [11]
 

 .
 
 Id.
 

 [12]
 

 .
 
 Id.
 
 at 2.
 

 [13]
 

 . Fed.R.App.P. 38.
 

 [14]
 

 .
 
 In re American President Lines, Ltd., supra
 
 note 8, at 3.
 

 [15]
 

 . Fed.R.App.P. 7.
 

 [16]
 

 . Fed.R.App.P. 39. See 9 J. Moore & B. Ward, Moore’s Federal Practice ¶ 207.02 (2d ed. 1985); 16 C. Wright, A. Miller, E. Cooper & E. Gress-man, Federal Practice and Procedure § 3953, at 379 (1977).
 

 [17]
 

 .
 
 Fleischmann Distilling Corp. v. Maier Brewing Co.,
 
 386 U.S. 714, 720, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475, 480 (1967);
 
 Baez v. United States Dep't of Justice,
 
 221 U.S.App.D.C. 477, 480-483, 684 F.2d 999, 1002-1005
 
 (en banc
 
 1982); cf.
 
 Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.,
 
 407 F.2d 288, 293 (9th Cir.1969); 28 U.S.C. § 1920.
 

 [18]
 

 . This authority stems from Fed.R.Civ.P. 83, providing:
 

 Each district court ... may from time to time make and amend rules governing its practice not inconsistent with these rules.... In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.
 

 Several district courts have adopted rules specifically authorizing bonds covering the costs expected to accrue in those courts. See, e.g.,
 
 Leighton v. One William St. Fund,
 
 343 F.2d 565, 567 (2d Cir.1965) (E.D.N.Y. rule);
 
 McClure v. Borne Chem. Co.,
 
 292 F.2d 824, 835 (3d Cir.) (E.D.Pa. rule),
 
 cert. denied,
 
 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961);
 
 Leslie One-Stop in Pa.
 
 v.
 
 Audiofidelity,
 
 33 F.R.D. 16, 17 (S.D.N.Y.1963);
 
 Marshall v. Spang,
 
 321 F.Supp. 1310, 1311 (W.D.Pa.1971). Even absent a local rule, district courts have been held to have that power. See, e.g.,
 
 Hawes v. Club Ecuestre El Comandante,
 
 535 F.2d 140, 143 (1st Cir.1976);
 
 McClure v. Borne Chem. Co., supra,
 
 292 F.2d at 835;
 
 Soo Hardwoods v. Universal Oil Prods.,
 
 493 F.Supp. 76, 77 (W.D.Mich.1980).
 

 [19]
 

 . See cases cited
 
 supra
 
 note 18. Of course, a district court need never look beyond Fed.R. App.P. 7 for authority to set a bond merely for taxable costs on appeal.
 

 [20]
 

 .
 
 Levine v. Bradlee,
 
 378 F.2d 620, 621-622 (3d Cir.1967);
 
 Smoot v. Fox,
 
 353 F.2d 830, 832 (6th Cir.1965),
 
 cert. denied sub nom. League of Women Voters v. Smoot,
 
 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966);
 
 McClure v. Borne Chem. Co., supra
 
 note 18, 292 F.2d at 835. But see
 
 A. & M. Gregos v. Robertory,
 
 70 F.R.D. 321, 323 (E.D.Pa.1976) (the posting of security for expenses, including attorneys’ fees, is on the same footing as security for costs).
 

 [21]
 

 . See note 11
 
 supra
 
 and accompanying text.
 

 [22]
 

 . The District Court did not say that Safir's appeal is frivolous, but rather that it likely would be found to be. See text
 
 supra
 
 at notes 11-13.
 

 [23]
 

 . Though the appellant is paying his own way, the appeal, once found to be frivolous, is dis-missable forthwith.
 
 Bell v. Hood,
 
 327 U.S. 678, 682-683, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946);
 
 Reuber v. United States,
 
 242 U.S.App.D.C. 370, 384, 750 F.2d 1039, 1053 (1984);
 
 Furbee v. Vantage Press,
 
 150 U.S.App.D.C. 326, 328, 464 F.2d 835, 837 (1971). The same rule obtains statutorily with respect to appeals
 
 in forma pau-peris.
 
 28 U.S.C. § 1915(d) (1982).
 

 [24]
 

 . Fed.R.App.P. 38.
 

 [25]
 

 . See note 27
 
 infra.
 

 [26]
 

 .
 
 Furbee v. Vantage Press, supra
 
 note 23, 150 U.S.App.D.C. at 328, 464 F.2d at 837;
 
 Paulson v. United States,
 
 758 F.2d 61, 62 (2d Cir.1985);
 
 Hagerty v. Clement,
 
 749 F.2d 217, 221-222 (5th Cir.1984);
 
 Perkins v. Commissioner,
 
 746 F.2d 1187, 1189 (6th Cir.1984);
 
 Oglesby v. RCA Corp.,
 
 752 F.2d 272, 279-280 (7th Cir.1985);
 
 Tibbs v. Great Am. Ins. Co.,
 
 755 F.2d 1370, 1376 (9th Cir.1985).
 

 [27]
 

 . “If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.” Fed.R.App.P. 38.
 

 [28]
 

 .
 
 Felder v. Board of Educ.,
 
 409 F.2d 1070, 1075 (4th Cir.
 
 en banc
 
 1969);
 
 Oglesby v. RCA Corp., supra
 
 note 26, 752 F.2d at 279;
 
 Ruderer v. Fines,
 
 614 F.2d 1128, 1132 (7th Cir.1980);
 
 Malhiot v. Southern Cal. Retail Clerks Union,
 
 735 F.2d 1133, 1137 (9th Cir.1984),
 
 cert. denied sub nom. Jampot v. Southern Cal. Retail Clerks Union,
 
 — U.S. -, 105 S.Ct. 959, 83 L.Ed.2d 965 (1985);
 
 McConnell v. Critchlow,
 
 661 F.2d 116, 118 (9th Cir.1981); 16 C. Wright, A. Miller, E. Cooper & E. Gressman,
 
 supra
 
 note 16, § 3984, at 465.
 

 [29]
 

 . See note 2
 
 supra
 
 and accompanying text.
 

 [30]
 

 . See Fed.R.Civ.P. 62(d). See also
 
 Thorpe v. Thorpe,
 
 124 U.S.App.D.C. 299, 300 n. 1, 364 F.2d 692, 693 n. 1 (1966);
 
 Blackwelder v. Crooks,
 
 151 F.Supp. 26, 28 (D.D.C.1957),
 
 rev’d on other grounds,
 
 102 U.S.App.D.C. 290, 291, 252 F.2d 854, 855 (1958); 7 J. Moore, Moore’s Federal Practice ¶ 62.06 (2d ed. 1985).
 

 [31]
 

 . See, e.g.,
 
 Federal Prescription Serv., Inc. v. American Pharmaceutical Ass’n,
 
 205 U.S.App.D.C. 47, 636 F.2d 755 (1980).
 

 [32]
 

 .
 
 Id.
 
 at 49, 636 F.2d at 757;
 
 Gullet v. Gullet,
 
 85 U.S.App.D.C. 12, 14, 174 F.2d 531, 533 (1949);
 
 Sirloin Room, Inc. v. American Employers Ins. Co.,
 
 360 F.2d 160, 161 (5th Cir.1966);
 
 In re Federal Facilities Realty Trust,
 
 227 F.2d 651, 654 (7th Cir.1955).
 

 [33]
 

 .
 
 In re Farrell Lines,
 
 245 U.S.App.D.C. 393, 394-95, 761 F.2d 796, 797-798 (1985);
 
 Thorpe v. Thorpe, supra
 
 note 30, 124 U.S.App.D.C. at 300 n. 1, 364 F.2d at 693 n. 1;
 
 Holcomb v. Holcomb,
 
 93 U.S.App.D.C. 242, 245, 209 F.2d 794, 797 (1954).
 

 [34]
 

 . See
 
 Safir v. United States Lines,
 
 616 F.Supp. 613, 617-19 (E.D.N.Y.1985) (memorandum and order).
 

 [35]
 

 . The cases cited by APL do not support its position. Each involved claims of unconstitutionality of state requirements — all unquestionably authorized — for the posting of security as a prerequisite to suit or appeal.
 
 Lindsey v. Normet,
 
 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) (state statute);
 
 National Union of Marine Cooks and Stewards v. Arnold,
 
 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954) (state court order);
 
 Cohen v. Beneficial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (state statute). It is the lack of any statute, rule or other authority for the $10,000 bond in suit that concerns us.
 

 The District Court did not consider an alternative control: use of its injunctive power to protect the shipping lines and the courts from vexatious litigation. See
 
 Martin-Trigona v. United States,
 
 779 F.2d 72 (D.C.Cir.1985);
 
 In re Martin-Trigona, 737
 
 F.2d 1254, 1262 (2d Cir.1984). After reviewing Safir’s litigious conduct over the last nineteen years, the District Court for the Eastern District of New York recently found that Safir had repeatedly brought "meritless claims" in an effort to use the courts "to harass" the lines,
 
 Safir v. United States Lines, supra
 
 note 34, at 15-16, and enjoined Safir from "instituting in any federal court, any new action, motion, petition or proceeding arising from or related to [the lines'] pricing practices in 1965 and 1966 or their receipt of merchant marine subsidies."
 
 Id.
 
 at 16-17.
 

 [36]
 

 .See note 23
 
 supra
 
 and accompanying text.
 

 [37]
 

 .See
 
 Coppedge v. United States,
 
 369 U.S. 438, 441-442, 82 S.Ct. 917, 919, 8 L.Ed.2d 21, 26 (1962);
 
 Brewen v. United States,
 
 375 F.2d 285, 286 (5th Cir.1967);
 
 United States v. Romero,
 
 642 F.2d 392, 397 (10th Cir.1981). Sometimes, of course, leave to appeal must be obtained. See, e.g., 28 U.S.C. § 1292(b) (1982).
 

 [38]
 

 .See
 
 North Carolina v. Pearce,
 
 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 669 (1969) (“[a] court is ‘without right to ... put a price on an appeal. A defendant’s exercise of a right of appeal must be free and unfettered’ ”), quoting
 
 Worcester v. Commissioner,
 
 370 F.2d 713, 718 (1st Cir.1966);
 
 Short v. United States,
 
 120 U.S.App.D.C. 165, 167, 344 F.2d 550, 552 (1965) (”[p]unishment could not be increased to penalize a defendant for exercising his right of appeal”);
 
 Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,
 
 600 F.2d 1189, 1190 (5th Cir.1979) ("[a] supersedeas bond should not be used as a penalty for a party availing itself of its appeal rights”);
 
 Clark v. Universal Builders, Inc.,
 
 501 F.2d 324, 341-342 (7th Cir.),
 
 cert. denied,
 
 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated”);
 
 Jones v. Penny,
 
 387 F.Supp. 383, 396 (M.D.N.C.1974) (three-judge court) (”[w]e think it clear from established decisional law, in both criminal and civil contexts, that a state in granting the right to appeal an adverse decision cannot penalize or arbitrarily condition that right”);
 
 Jack Spring, Inc. v. Little,
 
 50 Ill.2d 351, 280 N.E.2d 208, 211 (1972) (state constitution ”[h]av-ing created [a] right of appeal, the statutes adopted and the rules promulgated in implementation of that right may not serve to discriminate against appellants by reason of the inability to furnish an appeal bond”). See also
 
 Starks v. Klopfer,
 
 468 F.2d 796 (7th Cir.1972).
 

 [39]
 

 . See text
 
 supra
 
 at notes 15-17.
 

 [40]
 

 . See note 9
 
 supra
 
 and accompanying text, and text
 
 supra
 
 following note 17.
 

 [41]
 

 .
 
 In re Farrell Lines, Inc., supra
 
 note 33, is an instructive parallel. There, the Bankruptcy Court dismissed Safir’s petition in bankruptcy against Farrell Lines and entered a judgment against him for more than $18,000 in costs and attorneys' fees. Safir then was ordered by that court to post a $25,000 bond to secure the judgment pending his appeal to the District Court. The latter court dismissed the appeal for failure to post the bond, and this we held to be error. We pointed out that Bankruptcy Rule 8005, upon which the Bankruptcy Court relied, authorized a bond as a condition to a stay pending appeal, but did not make the bond a prerequisite to a party's right to appeal. 245 U.S.App.D.C. at 394, 761 F.2d at 797. We noted, too, that "it is well-established that an appellant who fails to furnish a supersedeas bond does not thereby lose his right to appeal."
 
 Id.
 
 (citations omitted).