

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2002

# Murphy v. Housing Auth & Urban

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3426

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Murphy v. Housing Auth & Urban" (2002). *2002 Decisions.* Paper 652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-3426 and 01-3572
_____

TODD MURPHY; ROSEANN MURPHY, husband and wife

v.

HOUSING AUTHORITY AND URBAN REDEVELOPMENT AGENCY OF THE
CITY OF ATLANTIC CITY, a New Jersey municipal corporation; JOHN GLOWACKI,
an individual; JOHN J. MCAVADDY, JR., an individual; JOHN P. WHITTINGTON, an
individual; JOHN DOES 1 THROUGH 15, inclusive, fictitious named defendants,
jointly, severally, and in the alternative


Clifford L. Van Syoc, Appellant at No. 01-3426
(Pursuant to F.R.A.P. 12(a))

Housing Authority and Urban Redevelopment Agency
Of the City of Atlantic City; John Glowacki;
John J. McAvaddy, Jr.; John P. Whittington
Appellants at No. 01-3572

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 97-cv-01558)
District Judge:  The Honorable Stephen M. Orlofsky

_____


Submitted Under Third Circuit LAR 34.1(a)
June 7, 2002

BEFORE: NYGAARD, BARRY, and MAGILL, Circuit Judges.


(Filed: October 16, 2002)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Todd and Roseann Murphy, represented by Clifford Van Syoc, sued the
Housing Authority of Atlantic City, New Jersey, for, among other allegations, reverse
race and sex discrimination in violation of 42 U.S.C.   1983 and Title VII.  The District
Court found that Murphy failed to establish a prima facie case for any discrimination and

granted summary judgment in favor of the Housing Authority. Murphy v. Housing Authority, 32 F.2d 753 (D.N.J. 1999). Murphy appealed and we affirmed that decision on January 31, 2000. Murphy v. Housing Authority, 208 F.3d 206 (3d Cir. 2000). Subsequently, the Housing Authority, pursuant to 28 U.S.C. 1927, filed an application for fees, costs and sanctions in the District Court, alleging frivolous litigation and frivolous appeal. The District Court granted the Housing Authority's motion in part, awarding the Authority $56,000 in fees and $2,300 in costs to be paid by Attorney Van Syoc for unreasonably and vexatiously multiplying litigation for the period up to the grant of summary judgment. The Court, however, declined to award damages for filing a frivolous appeal, holding that any such award was more appropriately handled by this court pursuant to a Rule 38 motion. Murphy v. Housing Authority, 158 F. Supp.2d 438 (D.N.J. 2001). Both parties have appealed. Van Syoc argues that imposing sanctions against him was an abuse of discretion in that there was no clear finding of bad faith on his part. The Housing Authority argues that the District Court's refusal to award damages for filing a frivolous appeal was in error. We will affirm.

I.

Van Syoc argues that the District Court abused its discretion by imposing sanctions, and by making numerous clear errors in its finding of bad faith. His arguments are specious. 28 U.S.C. 1927 gives a District Court the authority and discretion to levy expenses, costs and fees against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." We have previously held that "a bad faith finding is required as a precondition to the imposition of attorneys' fees under section 1927." Baker Industries, Inc. v. Valley Fair, 932 F.2d 204, 208 (3d Cir. 1985). Although bad faith may be inferred from the record, here, the District Court found that Van Syoc acted in bad faith for the following reasons:

> (1)Mr. Van Syoc's pursuit of baseless claims, the frivolous nature of which he should have been aware by, at the latest, the Defendants' filing of their motion for summary judgment on August 17, 1998; and (2) Mr. Van Syoc's assertion of Roseann Murphy's per quod claim under the New Jersey Law Against Discrimination, N.J.S.A. 10.5-1 et seq., and Title VII, 42 U.S.C. 2000e et seq., when both federal and New Jersey state courts had already held that per quod claims were not cognizable under either of those sources of law.

Murphy, 158 F. Supp.2d at 446-47. This finding was not clearly erroneous and we will affirm.

II.

The Housing Authority argues that the District Court erred as a matter of law when it denied the Authority's motion for damages from Attorney Van Syoc's frivolous appeal to this Court. We disagree. Quoting the D.C. Circuit, the District Court wrote that, "it is for the Court of Appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case." Murphy, 158 F.2d at 451 n. 3 (quoting In re American President Lines, 779, F.2d 714, 717 (D.C. Cir. 1995)). Although we have, on occasion, remanded a Rule 38 motion to the District Court for it to assist us by holding a hearing to make findings on Rule 38 motions, here we have not done so and the court correctly deferred to us. We will affirm.

Conclusion

In sum, and for the foregoing reasons, we will affirm the judgment of the District Court entered on August 27, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge
THE UNITED STATES COURT OF APPEALS

                    FOR THE THIRD CIRCUIT

                        _____

                 Nos. 01-3426 and 01-3572
                        _____

          TODD MURPHY; ROSEANN MURPHY, husband and wife

                            v.

        HOUSING AUTHORITY AND URBAN REDEVELOPMENT AGENCY OF THE
   CITY OF ATLANTIC CITY, a New Jersey municipal corporation; JOHN GLOWACKI,
   an individual; JOHN J. MCAVADDY, JR., an individual; JOHN P. WHITTINGTON, an
   individual; JOHN DOES 1 THROUGH 15, inclusive, fictitious named defendants,
              jointly, severally, and in the alternative


                    Clifford L. Van Syoc, Appellant at No. 01-3426
                    (Pursuant to F.R.A.P. 12(a))

                    Housing Authority and Urban Redevelopment Agency
                    Of the City of Atlantic City; John Glowacki;
                    John J. McAvaddy, Jr.; John P. Whittington
                    Appellants at No. 01-3572

                        _____


        ON APPEAL FROM THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY

               (D.C. Civil No. 97-cv-01558)
        District Judge:  The Honorable Stephen M. Orlofsky

                        _____


            Submitted Under Third Circuit LAR 34.1(a)
                        June 7, 2002

        BEFORE: NYGAARD, BARRY, and MAGILL, Circuit Judges.

                        _____


                        JUDGMENT
                        _____


        This cause came to be considered on the record from the United States
District Court for the District of New Jersey and was submitted pursuant to Third Circuit
LAR 34.1(a) on June 7, 2002.
        On consideration whereof, it is now here ORDERED AND ADJUDGED by
this Court that the order of the said District Court entered on August 27, 2001, be, and the
same is hereby affirmed.
        Costs taxed against Appellant/Cross-Appellee Clifford L. Van Syoc.
        All of the above in accordance with the opinion of this Court.

                        ATTEST:

_____
Acting Clerk

Dated: 16 October 2002