**Evert L. HAGAN and W. Graham, Appellants,**

v.

**Joseph C. WHITMAN et al., Appellees.**

No. 20564.

United States Court of Appeals
Ninth Circuit.

Feb. 21, 1966.

Racketeering, 87th Cong. 1st Sess. (1961).

Evert L. Hagan, W. Graham, Jesse A. Hamilton, Los Angeles, Cal., in pro. per.

Merton L. Schwartz, Fairfield & Richman, Trope & Trope, Katz & Granof, Beverly Hills, Cal., for appellees.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

On January 3, 1966, this court heard a motion of certain appellees (a) to affirm the judgment; or (b) to dismiss the appeal; and (c) to award a reasonable attorney's fee.

On oral argument on January 3, 1966, appellees urged that the notice of appeal had been untimely filed—*i. e.*, more than ten days after the district court entered the judgment against appellants. Appellants revealed they had filed a motion to vacate and amend the judgment below. Appellees replied the judgment had been filed July 27, 1965; and entered July 28, 1965; that appellants had until August 7, 1965 to file their motion to amend; that such motion to amend had not been filed until August 9, 1965. Appellants did not dispute this, or call to the court's attention that August 7, 1965, was a Saturday, and appellants therefore had until Monday, August 9, 1965, within which to file their motion. (Rule 6(a).) This court thereupon dismissed the appeal.

Thereafter, appellants recollected the days of the week involved, and moved upon grounds of "inadvertent error of fact" to have this court set aside its order of dismissal of January 3, 1966.

Thereupon this court, on its own motion set for hearing on January 31, 1966, the appellants' motion to set aside the judgment of dismissal of the appeal as untimely.

It also advised counsel it would consider on said January 31, 1966 (a) what authority W. Graham, appearing in pro per, has to appear for and move for any other party; (b) whether there is any appeal pending by reason of the notice of appeal filed below on October 14, 1965, erroneously referring to "the judgment of July 29th, 1965"; (c) whether there had been any notice of appeal or designation of record filed in behalf of Benedict Heights, Inc., a corporation.

This court also requested each party appearing to file supplemental one-page briefs. Such were filed on behalf of Hagan, Graham and Benedict Heights, Inc., and none on behalf of appellees. We should note, however, that appellees filed, prior to the hearing of January 31, 1966, a statement in opposition to the motion

for rehearing. It points out some eight areas or instances in which the motion is improper. It was because of one or more of such improprieties that this court, sua sponte, set the various matters down for hearing on January 31, 1966.

(1) We rule that W. Graham not being an attorney has no authority to appear or act for any other appellant;

(2) We rule that there has been no appeal filed, timely or otherwise, on behalf of Benedict Heights, Inc., a corporation, for reasons hereinafter set forth;

(3) Appellants erroneously refer (in their notice of appeal filed in the district court) to a judgment of a certain date, on which date no judgment was entered in the case. However, but one judgment was entered in this matter, and we are asked to hold the notice of appeal adequate—i. e., to hold that the failure to correctly designate the date of the judgment, or to describe its content is not fatal—that the intent of appellants to appeal from the single judgment on file may be inferred from the notice given; and further that the appellee has not been misled by appellants' error. State Farm Mutual v. Palmer, 350 U.S. 944, 75 S.Ct. 321, 100 L.Ed. 823 (1956); Holtz v. Smullan, 277 F.2d 58 (7th Cir. 1960).

We agree, reluctantly because of the pattern of many small or large careless or calculated errors made by appellants throughout this litigation; both below and on appeal.

Two appellants (Hagan and Graham) filed the motion below to alter and amend the judgment entered July 28, 1965. (Tr. p. 135) The appellant Benedict Heights, Inc., did not join in that motion. Therefore no notice of appeal was filed within the proper time by Benedict Heights, Inc., when it added its name to Hagan's and Graham's appeal, on papers subsequently filed.

Hagan and Graham's motion to amend and alter the judgment was required to be filed within ten days from the *entry* of the judgment (Rule 59(e)), or by August 7, 1965. That was a Saturday, therefore their last day was Monday, August 9,

1965. Their time to appeal was extended until thirty days after the entry of the order determining the motion to amend. (Rule 73(a).) The order denying the motion to amend was filed October 5, 1965. The appeal was filed October 14, 1965, and was timely.

■ The order of this court, dated January 3, 1966, dismissing the appeal insofar as attempted on behalf of Benedict Heights, Inc., is affirmed.

We next note that although neither appellants nor appellees have requested that certain "bonds" be included in the record on appeal, we have ascertained they exist in file No. 63–964–Y in the United States District Court for the Southern District of California, Central Division. Appeal was filed. The cost bond was never approved. (Local Rule 8.)

On October 15, 1965, a supersedeas bond on appeal was filed. It bears the approval of the signature of Honorable Leon R. Yankwich, dated October 15, 1965.

On October 19, 1965, the Clerk of the district court cancelled the filing stamp on each of said bonds, and returned them, together with affidavits of officers of Pan American Development Corporation and Pacific Coast Cheese, Inc., a corporation (sureties on said bonds), also stamped filed on October 15, 1965, to Mr. Hagan.

On November 23, 1965, Mr. Hagan filed an affidavit stating he "believed" the four documents returned to him "should have been retained in the Court file" and asking that they be *lodged* therein. This order was signed by the Honorable Leon R. Yankwich ordering them to be so "lodged," and they were.

Thereafter we presume a writ of execution issued on the judgment below.

Appellant Hagan, in pro per, (characterizing himself as a defendant) moved to quash this writ of execution upon the ground that bonds had been properly filed and a writ of valid supersedeas existed.

The motion to quash was denied by Honorable Leon R. Yankwich on Decem-

ber 9, 1965. Thus no valid supersedeas or cost bond is on file in this case.

Rule 73(c) (Fed.R.Civ.P.) provides "a bond for costs on appeal shall be filed with the notice of appeal * * * unless a supersedeas bond is filed, in which event no separate bond on appeal is required."

No application to file a supersedeas bond, or a bond on appeal, has been filed in either the district or appellate court.

The appeal must be docketed in the Court of Appeals within forty days from notice of appeal. Notice of appeal was filed October 14, 1965.

If no bond is filed, or if the bond filed is found insufficient, a bond may be filed before docketing at such time as the district court may order. The district court made no such order. No application has been filed with this court, since the docketing, to file a bond. Rule 73(e), Fed.R.Civ.P.

Thus, with such a default existing, whether an appeal should be dismissed is a matter of discretion with this court. Hargraves v. Bowden, 217 F.2d 839 (9th Cir. 1954); United States v. Gallagher, 151 F.2d 556, 559 (9th Cir. 1945).

The appeal was docketed, and the original clerk's transcript filed November 29, 1965. Within thirty days thereafter (or on or before December 30, 1965), two copies of the record were to be prepared by appellant in accordance with the provisions of paragraphs three to six of Rule 10 (Rules of the Ninth Circuit Court of Appeals). To date these have not been filed, nor has any order been signed granting additional time. Thus for a second reason appellants are in default.

With the appeal in default, we meet appellees' position (1) that petitioner Hagan, under oath, has sworn the individual plaintiffs "ask nothing for themselves but relief only for a corporation"

(Aff. of Dec. 21, 1965); (2) that co-plaintiff Graham has stated under oath that without a partial trial it cannot be ascertained whether appellees are necessary and proper parties to the litigation (Tr. 49; Ex. K); (3) that it appears from the record before us that co-plaintiff W. Graham has stated under oath that the action sought to be appealed is a quiet title action "to bring back certain real property into either Beverly Royale Estates or into Benedict Heights, Inc." (Tr. p. 105); (4) that Beverly Royale Estates is in a Chapter XI arrangement proceedings, which has jurisdiction over all that corporation's property (Action 69049-J), pending in the Southern District of California; (5) that neither Beverly Royale Estates nor Benedict Heights, Inc. were named as parties in the action below, although Benedict Heights, Inc. later appeared, but failed to appeal from the summary judgment granted below, and time for its appeal has passed; (6) that this court has no jurisdiction over the subject matter of the action, any more than the district court had.

Other charges of champerty and maintenance are made by appellees against plaintiffs Hagan and Graham. We need not go into these matters.

This appeal, on the record before us, seems suspiciously like a frivolous appeal. But we need not even decide that.

Whether to dismiss the appeal now in default for failure to comply with the rules of this court is a matter entirely within the court's discretion. It is authorized specifically by Rule 73(a). We exercise that discretion and decline to set aside our dismissal of January 3, 1966, insofar as it relates to the appeals of Hagan and Graham, individually, and as to them we affirm the judgment below.

Again, in the exercise of our discretion, we decline to assess attorney's fees against appellants at this time.