**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIGURE EIGHT HOLDINGS, LLC, | No. 12-56215 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-07828-R-AJW |
| v. | |
| DR. JAYS, INC.; WICKED FASHIONS, INC., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 8, 2013
Pasadena, California

Before: BENAVIDES,[**] BYBEE, and NGUYEN, Circuit Judges.

Plaintiff-Appellant Figure Eight Holdings, LLC ("Figure Eight") appeals the

district court's order requiring it to post an appeal bond in the amount of $50,000

pursuant to Rule 7 of the Federal Rules of Appellate Procedure. This appeal stems

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

from a copyright infringement case in which the district court granted summary judgment for Fashion Studio, LLC, Wicked Fashions, Inc., and Dr. Jays, Inc. ("Defendants"). Figure Eight's appeal from summary judgment has been held in abeyance pending the disposition of the instant appeal challenging the bond. *See* No. 11-56821.

Generally, we review for abuse of discretion any challenge to the amount of a bond. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). However, a district court's legal analysis and statutory interpretation with respect to the decision to impose a bond are reviewed de novo. *Id.*

The parties agree that the following factors are appropriate for determining whether to impose the bond: (1) Figure Eight's financial ability to post a bond; (2) the risk that Figure Eight would not pay the costs if it loses the appeal; and (3) an assessment of the likelihood that Figure Eight will lose on appeal and thus be liable for costs. After reviewing the above factors de novo, we conclude that the district court did not err in imposing the appeal bond. We also find that under the particular facts in this case, the district court did not abuse its discretion in requiring the bond in the amount of $50,000. Accordingly, we affirm the district court's order granting the motion for appeal bond.

The Clerk is instructed that the appeal may not proceed until Figure Eight posts the appeal bond. The Clerk is further instructed to set a filing deadline that allows Figure Eight a reasonable amount of time (not less than 10 days) to comply with the district court's order to post the bond. If an appeal bond is not posted by the Clerk's deadline, the appeal shall be dismissed. *See Azizian*, 499 F.3d at 961 (explaining that "[w]here an appellant has failed to pay an appeal bond, it is within our sound discretion to dismiss the appeal.").

AFFIRMED.