**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MAGSAFE APPLE POWER ADAPTER LITIGATION, | No. 12-15757 |
| | D.C. No. 5:09-cv-01911-JW |
| NAOTAKA KITAGAWA, Jr.; et al., | |
| Plaintiffs - Appellees, | MEMORANDUM* |
| v. | |
| ROBERT JOSEPH GAUDET, Jr., | |
| Plaintiff - Appellant, | |
| V. | |
| APPLE, INC., | |
| Defendant - Appellee. | |

| | |
|---|---|
| In re: MAGSAFE APPLE POWER ADAPTER LITIGATION, | No. 12-15782 |
| | D.C. No. 5:09-cv-01911-JW |
| NAOTAKA KITAGAWA, Jr.; et al., | |
| Plaintiffs - Appellees, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

MARIE GRYPHON, Objector,

Plaintiff - Appellant,

V.

APPLE, INC.,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Objector-Appellant Marie Newhouse appeals the district court's March 8, 2012, order approving a class action settlement agreement and attorneys' fee award and its May 29, 2012, order requiring Newhouse and other objectors to post appeal bonds. We vacate both orders and remand for further consideration. Objector-Appellant Robert Gaudet, Jr. appeals the aforementioned orders as well as the

district court's August 22, 2012, order striking his objection to the settlement agreement and attorneys' fee award.  We also vacate that order.[1]

## I.  APPEAL BOND

### A.    *Appeal Bond Order*

"[W]e review objections to the amount of a bond for abuse of discretion. However, the meaning of the phrase 'costs on appeal' [in Fed. R. App. P. 7] is a question of law that we review de novo."  *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (internal quotation marks and citations omitted).

The plaintiffs filed a motion to require each objector to post a $200,000 appeal bond, asserting that they anticipated incurring $25,000 in expenses and $175,000 in attorneys' fees on appeal.  The district court correctly reasoned that the bond could not secure anticipated attorneys' fees because no statute authorizes shifting attorneys' fees from objector-appellants to plaintiff-appellees under these circumstances.  *See id.* at 959–60.  The district court erred, however, in not applying the same logic to the plaintiffs' request for expenses.

A district court may always include in an appeal bond the costs specified in Fed. R. App. P. 39.  *See id.* at 955–56.  Yet these costs rarely exceed a few hundred

---

[1] The district court had jurisdiction under 28 U.S.C. § 1332(d), and we have jurisdiction under 28 U.S.C. § 1291.

3

dollars when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 unless such expenses may be shifted pursuant to another statute. *See id.* at 959–60. The fee-shifting statutes invoked by the plaintiffs—including 15 U.S.C. § 2310(d)(2), Cal. Civ. Code § 1780(e), and Cal. Civ. Code § 1794(d)—are asymmetrical because they permit fee shifting only from losing defendants to prevailing plaintiffs. Expenses, like attorneys' fees, cannot be shifted from losing objectors to prevailing plaintiffs under asymmetrical statutes. *See Azizian*, 499 F.3d at 959–60.[2]

The district court abused its discretion by requiring the objectors to post $15,000 appeal bonds given that the only applicable fee-shifting statute is Fed. R. App. P. 39. Accordingly, we vacate the district court's May 29, 2012, order. On remand, the district court may impose an appeal bond that more accurately reflects the amount that a prevailing appellee would be entitled to recover from a losing appellant under Fed. R. App. P. 39.

B.    *Order Striking Gaudet's Objection*

---

[2] Cal. Civ. Code § 1780(e) would authorize fee shifting from losing objectors to prevailing plaintiffs if the objector's "prosecution of the action was not in good faith." The district court did not find that either Newhouse or Gaudet were proceeding in bad faith, and such a finding would have been erroneous.

We also vacate the district court's August 22, 2012, order striking Gaudet's objection to the settlement agreement and attorneys' fee award. The district court lacked the authority to remove the basis for Gaudet's appeal as a sanction for his failure to post the bond because "an appellant is not required to post a Rule 7 bond to perfect [his] appeal." *Id.* at 961. The district court did not abuse its discretion in deciding to hold Gaudet in contempt for failing to comply with the appeal bond order. Rather, the district court erred by imposing a sanction that precluded Gaudet from appealing its judgment. On remand, the district court may exercise its discretion to impose any appropriate sanction for violations of its orders.

C. *Dismissal of Gaudet's Appeal*

"Where an appellant has failed to pay an appeal bond, it is within our sound discretion to dismiss the appeal." *Id.* After weighing the factors set out in *Azizian*, we decline to dismiss Gaudet's appeal. We are troubled by Gaudet's failure to proffer any amount toward an appeal bond. *See id.* at 962. Gaudet did, however, actively contest the bond by raising reasonable arguments before the district court and filing a motion with this court to stay the district court's order. *See id.* Although he did not make himself available for an in-person deposition concerning his ability to pay because he had moved to Ireland, Gaudet disclosed his financial information and informed plaintiffs' counsel that he would submit to a telephonic

5

deposition. Gaudet's noncompliance is far from ideal, but it does not warrant dismissing his appeal under these circumstances because he "did not simply 'ignore [the] order,' but rather made legitimate efforts to reduce its amount." *Id.* (alteration in original) (internal citation omitted).

## II. SETTLEMENT AGREEMENT APPROVAL AND ATTORNEYS' FEE AWARD

A. *Article III Standing*

The objectors have Article III standing to appeal the district court's order approving the settlement agreement and attorneys' fee award. This case is distinguishable from *Glasser v. Volkswagen of America, Inc.*, 645 F.3d 1084 (9th Cir. 2011). There, the objector appealed only the district court's order awarding attorneys' fees and not its earlier order approving the settlement agreement. *Id.* at 1087–88. Here, the objectors appealed the district court's order approving the settlement agreement and objected to the terms of the agreement before the fairness hearing. A class member has Article III standing to challenge the attorneys' fee award along with the settlement agreement. *See Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1147 (9th Cir. 2000).

B. *Review of the District Court's Order Approving the Settlement Agreement and Attorneys' Fee Award*

6

"We review approval of a class action settlement for a clear abuse of discretion." *Rodriguez v. W. Publ'g Co.*, 563 F.3d 948, 963 (9th Cir. 2011) (internal quotation marks and citation omitted). "We also review for abuse of discretion a district court's award of fees and costs to class counsel, as well as its method of calculation." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011).

The district court abused its discretion in approving both the settlement agreement and attorneys' fee award because it failed to follow the process set out in *Bluetooth*. We vacate the March 8, 2012, order and remand so that the district court can fully consider the factors affecting the fairness of class action settlement agreements articulated in *Bluetooth*.

The district court's order accepted the lodestar of $1,986,362.00 submitted by plaintiffs' counsel. But the court did not explain why this figure is reasonable beyond a few boilerplate recitations about the attorneys' skill and the risks of proceeding with the litigation that never reference the specific facts of this case. Under some circumstances, "counting *all* hours expended on the litigation—even those reasonably spent—may produce an 'excessive amount.'" *Id.* at 942. On remand, the district court should consider whether the lodestar was calculated

7

using reasonable hourly rates and sound billing practices and then assess the lodestar in light of the results obtained for the class. *See id.*

The district court then applied a multiplier that increased the total amount of the attorneys' fee award to $3,000,000 without explaining why a multiplier was necessary to adequately compensate class counsel. If the court determines on remand that a multiplier is appropriate, it should offer an explanation of its decision that is sufficient to "assure itself—and us—that the amount awarded was not unreasonably excessive in light of the results achieved." *Id.* at 943. We emphasize that Apple's advance agreement to pay class counsel up to $3,000,000 in attorneys' fees and $100,000 in expenses "cannot relieve the district court of its duty to assess fully the reasonableness of the fee request." *Id.*

The district court also did not cross-check the attorneys' fee award against the percentage-of-the-recovery method. Although we have "encouraged" rather than required courts to cross-check their calculations, the fact that the court made no mention of the value of the settlement, let alone the percentage-of-the-recovery method, contributes to our determination that we "lack a sufficient basis for determining the reasonableness of the award." *Id.* at 943. The district court conducted the fairness hearing before the claims-submission period closed, leaving us with no reliable way of estimating how many valid claims were submitted or the

8

total amount that Apple intends to pay claimants under the refund component of the settlement agreement. On remand, the district court may find it useful to elicit this information so that it can compare the amount recovered by the class with the amount claimed by class counsel. *Id.* at 942. The district court should also consider the value of the injunctive relief offered by the settlement agreement. Alternatively, the district court might conclude that the percentage-of-the-fund method is ill suited for evaluating the reasonableness of this particular settlement agreement if it finds that the value of the injunctive relief is unusually difficult to quantify. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). The discretion rests with the district court; we merely require that the court scrutinize both the settlement agreement and fee award and offer a specific explanation about why it deems them reasonable.

We also conclude that the district court erred by not addressing the indicia of self-dealing or implicit collusion identified in *Bluetooth*. *See Bluetooth*, 654 F.3d at 947. The court did not assess with specificity whether class counsel received a disproportionate share of the settlement, nor did it mention the clear-sailing provision or the implied reversion clause. The court might find, after conducting a proper inquiry, that the fee award requested by the plaintiffs is proportionate to the value received by the class, that the clear-sailing provision is outweighed by other

portions of the settlement agreement, and that a reversion clause is of no concern in an uncapped claims-made settlement. Or the court might conclude that the agreement is tainted by the possibility of self-dealing and "direct the parties back to the negotiating table." *Id.* at 950. Once again, we request only that the court demonstrate that it was "particularly vigilant" in monitoring for self-dealing and implicit collusion. *Id.* at 947.

We do not intend to direct the district court toward a particular result. On remand, the district court "may determine the fee request is excessive but find no further evidence that class counsel betrayed class interests for their own benefit, and thus uphold the agreement while lowering the fee award." *Id.* at 950. The court could also approve both the fee award and the settlement agreement in their current form after conducting the appropriate inquiry. *Id.* Or "it may find the fee request excessive and conclude that class counsel therefore negotiated an unreasonable settlement." *Id.* Finally, it might deem the settlement agreement inadequate after considering the factors set out in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

## III. CONCLUSION

The district court's judgment is REVERSED. The district court's March 8, 2012, order approving the settlement agreement and attorneys' fee award; its May

29, 2012, order requiring the objectors to post appeal bonds; and its August 22, 2012, order striking Gaudet's objection are VACATED. The case is REMANDED for proceedings consistent with this memorandum.