FILED

FEB 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAM SOON JEON, individually and as Estate administrator of her deceased husband Jun Sung Kwak,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>445 SEASIDE, INC.; et al.,<br><br>Defendants - Appellees. | No. 13-16799<br><br>D.C. No. 1:11-cv-00015-SOM-BMK<br><br><br>MEMORANDUM[*] |
| NAM SOON JEON, individually and as Estate administrator of her deceased husband Jun Sung Kwak,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>445 SEASIDE, INC.,<br><br>Defendant - Appellant. | No. 13-16904<br><br>D.C. No. 1:11-cv-00015-SOM-BMK |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

NAM SOON JEON, individually and as
Estate administrator of her deceased
husband Jun Sung Kwak,

        Plaintiff - Appellant,

v.

445 SEASIDE, INC.; et al.,

        Defendants - Appellees.

No. 14-15736

D.C. No. 1:11-cv-00015-SOM-BMK

Appeals from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 12, 2016
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiff Nam Soon Jeon brought this negligence action against defendants after her husband, Jun Sung Kwak, tragically drowned in a swimming pool. After Jeon had presented her case to a jury, the district court granted judgment as a matter of law in favor of defendants. It held that Jeon had failed to introduce sufficient evidence showing that defendants had caused Kwak's death. Jeon appeals this ruling, and she also appeals the district court's imposition of a $5,000 appeal bond against her. We affirm.

We review a district court's grant of judgment as a matter of law de novo, *Hunt v. Cty. of Orange*, 672 F.3d 606, 611 (9th Cir. 2012), and we must draw all

reasonable inferences in favor of Jeon, *City Solutions Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 839 (9th Cir. 2004). Nevertheless, judgment as a matter of law is appropriate where "a reasonable jury would not have a legally sufficient evidentiary basis" to find for Jeon on a necessary element of her claim. Fed. R. Civ. P. 50(a)(1).

In order to prevail on her negligence claim, Jeon must prove causation. *Miyamoto v. Lum*, 84 P.3d 509, 523 (Haw. 2004). The mere co-existence of negligence and Kwak's death, or the existence of negligence prior to Kwak's death, is not enough to establish causation under Hawai'i law. *Mitchell v. Branch*, 363 P.3d 969, 973 (Haw. 1961). Instead, Jeon must prove that defendants' negligent acts were "more likely than not" a substantial factor in causing his death. *Doe Parents No. 1 v. State, Dep't of Educ.,* 58 P.3d 545, 596 (Haw. 2002) (internal quotation marks omitted).

Jeon had insufficient evidence for a reasonable jury to find that defendants' acts were more likely than not a substantial factor in causing Kwak's death. If defendants had complied with Jeon's proposed standard of care, such as by monitoring the pool area with better video equipment, there is insufficient evidence that Kwak's outcome would have been any different. For example, there was insufficient evidence to show that defendants should have noticed Kwak drowning

3

sooner, or that defendants should have responded more quickly. On this record, no reasonable jury could find that defendants' alleged negligence was a substantial factor in Kwak's death. Because this is a sufficient basis to affirm the judgment in defendants' favor, we need not address the parties' other arguments relating to the district court's grant of judgment as a matter of law.

Finally, Jeon contends that the district court erred by requiring her to post a $5,000 appeal bond. We disagree. The determination of the amount of a bond necessary to ensure payment of costs on appeal is left to the discretion of the district court, and we are unable to find an abuse of discretion on this record. Fed. R. App. P. 7; *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007).

**AFFIRMED**.